Justice Thomas,
with whom Justice Scalia joins, concurring in the judgment.
I agree with the Court that the Fourth Circuit’s Eighth Amendment analysis is inconsistent with Hudson v. McMil *41 lian, 503 U. S. 1(1992). But I continue to believe that Hudson was wrongly decided. Erickson v. Pardus, 551 U. S. 89, 95 (2007) (dissenting opinion); Farmer v. Brennan, 511 U. S. 825, 858 (1994) (opinion concurring in judgment); Helling v. McKinney, 509 U. S. 25, 37 (1993) (dissenting opinion); Hudson, supra, at 17 (dissenting opinion).
“At the time the Eighth Amendment was ratified, the word ‘punishment’ referred to the penalty imposed for the commission of a crime.” Helling, supra, at 38 (Thomas, J., dissenting). The Court adhered to this understanding until 1976, when it declared in Estelle v. Gamble, 429 U. S. 97, that the Cruel and Unusual Punishments Clause also extends to prison conditions not imposed as part of a criminal sentence. See generally Hudson, supra, at 18-20 (Thomas, J., dissenting); Farmer, supra, at 861 (Thomas, J., concurring in judgment). To limit this abrupt expansion of the Clause, the Court specified that its new interpretation of the Eighth Amendment should not extend to every deprivation a prisoner suffers, but instead should apply “only [to] that narrow class of deprivations involving ‘serious’ injury inflicted by prison officials acting with a culpable state of mind.” Hudson, supra, at 20 (Thomas, J., dissenting) (citing Estelle, supra, at 106); see generally Wilson v. Seiter, 501 U. S. 294, 298 (1991).
Hudson, however, discarded the requirement of serious injury. Building upon Estelle's mislaid foundation, the Court concluded that force, rather than injury, is the relevant inquiry, and that a prisoner who alleges excessive force at the hands of prison officials and suffers nothing more than de minimis injury can state a claim under the Eighth Amendment. Hudson thus turned the Eighth Amendment into “a National Code of Prison Regulation,” 503 U. S., at 28 (Thomas, J., dissenting); Farmer, 511 U. S., at 859 (Thomas, J., concurring in judgment), with “federal judges [acting as] superintendents of prison conditions nationwide,” id., at 860. *42 Although neither the Constitution nor our precedents require this result, no party to this case asks us to overrule Hudson. Accordingly, I concur in the Court’s judgment.